Amek bin RILLA, a/k/a James R. Preston, Registered Agent for All Tribes Incorporated and J & P Arts Incorporated, d/b/a, Box C Waupun, Wisconsin, 53963, Plaintiffs,

v.

Ramon L. GRAY, Warden, Wisconsin State Prison, and Carl R. Manthe, Associate Warden of Wisconsin State Prison, Defendants.

No. 75–C–49.

United States District Court, E. D. Wisconsin.

July 8, 1975.

———◆———

Amek bin Rilla, a/k/a James R. Preston, pro se.

Bronson C. LaFollette, Wis. Atty. Gen., by James H. Petersen, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are three motions now before this court. The defendants have moved to dismiss on the ground that the plaintiff does not have standing to bring this action. The defendants have also moved for the convening of a three-judge court in the event their motion to dismiss is denied. The plaintiff has moved for a temporary restraining order, asserting that the state of Wisconsin is not a sovereignty. I find that the defendants' motion to dismiss must be granted and, therefore, there is no need to rule on the other two motions.

The plaintiff, an inmate at the Wisconsin state prison, commenced this action pro se. In his complaint he asserts that his name is Amek bin Rilla, "a religious name under Ismaili Moslem practice and tenets" and that James R. Preston is his legal name. He also avers that he is employed "as the registered agent of ALL TRIBES INCORPORATED, J & P ARTS INCORPORATED and PRISONERS FOR SURVIVAL INCORPORATED at the contracted salaries of $25,000, $35,000 and $35,000, respectively and per annum." He further alleges that the defendants obstructed the delivery of a letter addressed to him, as follows:

> "On the 13th day of January, 1975 A. D., the Defendant Manthe acting under the authority of an associate warden under the supervision of the Defendant Gray, illegally obstructed a sealed letter addressed to the Plaintiff with the address reading as, Amek bin Rilla, a/k/as, James R. Preston, Registered Agent ALL TRIBES INCORPORATED, Box C, Waupun, Wisconsin 53963."

Subsequent portions of the complaint allege another obstruction of mail delivery to him.

The defendants' motion to dismiss is based upon the plaintiff's failure to employ the administrative procedures available within the Wisconsin state prison to obtain relief from the alleged improper censoring. The defendants urge that pursuant to Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L. Ed.2d 224 (1974) and Morales v. Schmidt, 494 F.2d 85 (7th Cir. 1974), *regulations* which unduly restrict an inmate's correspondence are challengeable in court; a prisoner may not challenge

in court an alleged act of censorship without showing that he has utilized the administrative review processes under the prison's regulations. The defendants argue that an improper ad hoc act of censorship may be the basis for a federal court action, but if there exists an intra-prison review process, such method should be employed before the court is called upon to act.

The defendants maintain that upon the plaintiff's present complaint there is, at worst, improper conduct on the part of an individual censor; the plaintiff's failure to seek administrative review within the prison forecloses such alleged misconduct from being chargeable to the prison administration. The plaintiff has attached to his complaint the notice he received advising him that mail had been rejected. That notice not only specified the precise reasons for the rejection but also states:

> "If you dispute this decision, you have the right to appeal to the Warden by submission of a written complaint to him within 10 days following your receipt of this notice."

The plaintiff does not suggest that he sought review of the censor's decision by appealing to the warden.

In *Procunier,* the Court expressed its reluctance to intrude on the "urgent problems of prison administration" (416 U.S. p. 405, 94 S.Ct. 1800), but nevertheless the Court examined both the regulatory scheme for prisoners' correspondence (416 U.S. pp. 406–16, 94 S.Ct. 1800), and the adequacy of its procedural safeguards (416 U.S. p. 417, 94 S.Ct. 1800). In the case at bar, the plaintiff has not sought to expose flaws in the regulation or in the available review procedure.

In *Morales,* both Judge Stevens and Judge Swygert commented on the problem of ad hoc determinations. The prison has offered an alternative to complete rejection, but the plaintiff did not accept the review procedure available to him. Judge Swygert stated in his concurring opinion at p. 89, of 494 F.2d:

> "If the State prescribed regulations that permitted the prisoner or parolee to challenge either ad hoc decisions or decisions under prescribed rules in an administrative proceeding, such procedure could have the effect of avoiding the risk of a constitutional attack on the rules themselves and at the same time afford the prisoner or parolee the right to challenge such decisions at an administrative level. A regulation of this sort would aid the prisoner or parolee, the State, and the courts since less resources would be required for all concerned if a matter such as here be first considered at an administrative level rather than in a court."

Under the authorities referred to, I find that the plaintiff is without standing to make the constitutional challenge which he has purported to make in the case at bar. Accordingly, dismissal without prejudice should follow.

Therefore, it is ordered that the defendants' motion for dismissal be and hereby is granted.

It is also ordered that the plaintiff's action be and hereby is dismissed, without prejudice.